IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORNA ENTRADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-322-C |
| ) | |
| MARRIOTT HOTEL SERVICES, INC. ) | |
| d/b/a NATIONAL CENTER FOR ) | |
| EMPLOYEE DEVELOPMENT ) | |
| CONFERENCE CENTER & HOTEL, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed a Motion to Compel Discovery (Dkt. No. 21), Defendant responded (Dkt. No. 29), and Plaintiff replied (Dkt. No. 31). The Motion is now at issue.

ANALYSIS

Plaintiff brings claims of gender and racial discrimination in violation of 42 U.S.C. § 1981, stating that Defendant created a sexually hostile working environment, failed to remediate the situation after notification of the circumstances, and wrongfully suspended and terminated Plaintiff. In the Motion at issue, Plaintiff argues that Defendant has offered generic objections, has failed to disclose information required by the discovery rules, and asks that the Court order Defendant to produce the requested information. Defendant argues that the requests are overbroad and not proportional to the needs of this case.

Fed. R. Civ. P. 26(b)(1) defines the discovery scope as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

> in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

While the relevancy of discovery is very broad, it is not all-encompassing. Therefore, the Court must consider the stated factors when deciding whether to limit discovery requests. The Advisory Committee explains that it is common for one party to have access to the majority of the information and "[i]n practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so." Fed. R. Civ. P. 26 advisory committee's note (2015). However, it is still possible for discovery requests to be too broad and overly burdensome for the proportional needs of the case.

The discovery requests at issue largely relate to personnel files and other information regarding Defendant's employees. Because "personnel files often contain sensitive personal information . . . it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008). However, personnel files are not "categorically out-of-bounds." Id. at 649 (stating that had plaintiff "issued a more narrowly targeted request focused only on documents (whether from the personnel file or elsewhere) that might indicate disciplinary action . . . , we would face a very different question").

After careful consideration of the arguments, the Court finds that each request in dispute will be limited to include two years prior to Plaintiff's date of termination until the date this case was filed (February 19, 2012-March 27, 2015) and to the Norman, Oklahoma, location where Plaintiff was employed. The Court imposes additional restrictions as to scope of discovery to the specific requests below.

> Interrogatory 3: This request shall be limited to Plaintiff's department.

> Interrogatory 6: If no new individual was hired to take Plaintiff's position after her termination, Defendant shall list the employees in Plaintiff's department at the time of her termination who have assumed her duties. Defendant states that it is difficult to determine who assumed the duties given the flexible cashier role, so this may require Defendant to produce the requested information for each cashier.

> Request for Production 11: Section B is outside the scope of permitted discovery.

> Request for Production 4: Section F is outside the scope of permitted discovery.

> Request for Production 5: Section E is limited to information regarding Plaintiff.

> Request for Production 18: This request shall be limited to include only Plaintiff, her supervisors, and the people involved in the decision to terminate her employment.

> Request for Production 19: This request shall be limited to information pertaining to persons who supervised Plaintiff or employees similarly situated to Plaintiff.

## CONCLUSION

Accordingly, Plaintiff's Motion to Compel Discovery (Dkt. No. 21) is GRANTED in part and DENIED in part. Discovery is reopened for the limited purpose of compliance with this Order. Defendant shall submit the information to Plaintiff within ten (10) days.

IT IS SO ORDERED this 3rd day of October, 2016.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge