IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORNA ENTRADA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-322-C |
| | ) |
| MARRIOTT HOTEL SERVICES, INC. | ) |
| d/b/a NATIONAL CENTER FOR | ) |
| EMPLOYEE DEVELOPMENT | ) |
| CONFERENCE CENTER & HOTEL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this case based on claims of sexual and racial discrimination in the workplace and a retaliatory termination of employment under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Defendant Marriot Hotel Services, Inc., filed a Motion for Summary Judgment (Dkt. No. 32) and the Motion is now at issue.

Plaintiff is a Filipino woman who was employed by Defendant as a food and beverage cashier at the Marriot Conference Center at the National Center for Employee Development in Norman, Oklahoma. Defendant states that Plaintiff's employment was terminated because she received three written reprimands within a 12-month period. These reprimands are for one instance of unprofessional conduct in front of a guest (Disciplinary Action Form, Dkt. No. 32-4, p. 2), one instance of harassment where Plaintiff raised her voice at a co-worker (Disciplinary Action Form, Dkt. No. 32-7, p. 2), and one instance of refusing to clean her drink station (Disciplinary Action Form, Dkt. No. 32-6, p. 2), which resulted in Plaintiff's suspension and firing. Plaintiff contends that the written reprimands were retaliatory actions

taken against her for complaining about sexual advances and racial harassment by her co-workers and supervisors.

The standard for summary judgment is well established. Summary judgment may only be granted if the evidence of record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(c). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Defendants argue that the claims should be decided as a matter of law because the undisputed facts show Plaintiff was not subjected to actionable discrimination and her termination of employment was a result of workplace misconduct rather than discrimination or a retaliatory action. The Court will address each in turn.

Hostile Work Environment

To be successful with a hostile work environment claim under Title VII and § 1981, Plaintiff must prove "'(1) that she was discriminated against because of her sex; and (2) that

2

the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment.'" Pinkerton v. Colo. Dep't of Transp., 563 F.3d 1052, 1058 (10th Cir. 2009) (citations omitted). These elements are required for claims under both Title VII and § 1981 and apply to both racial and sexual discrimination claims. See Aramburu v. Boeing Co., 112 F.3d 1398, 1410 (10th Cir. 1997); Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994). The Court may view the evidence in the aggregate to establish a hostile work environment. Smith v. Nw. Fin. Acceptance, Inc., 129 F.3d 1408, 1413 (10th Cir. 1997). To grant summary judgment, the Court must find that "'a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Herrera v. Lufkin Indus., Inc., 474 F.3d 675, 680 (10th Cir. 2007) (quoting Sandoval v. City of Boulder, 388 F.3d 1312, 1326-27 (10th Cir. 2004)).

Viewing the facts in the light most favorable to Plaintiff, the Court will review the complained-of acts. Mr. Escobar, Plaintiff's supervisor, required Plaintiff to give him hugs, said they would "enjoy each other," told her they should "hook up," and called her a "cougar." Plaintiff states that she would object to the attention, tell Mr. Escobar he was "gross" or refer to him as "brother" or "bro" in an attempt to dissuade his interests. She also states that she complained about this conduct to another supervisor, Mr. Pickens, a human resources employee. (See Pl.'s Br. in Opp'n of Mot. for Summ. J., Dkt. No. 46, p. 8.)

3

Mr. Parker, also one of Plaintiff's supervisors, asked if she had a boyfriend, asked if she "missed orgasms because she was single," told her she needed a "black boyfriend" because they "have big, you know, penis," asked if Plaintiff's "breasts were real," commented on Plaintiff's figure, called her "sexy," and asked her for "sexy pictures." When Plaintiff complained about these actions to Mr. Pickens, she was told to "get over it." (See Pl.'s Br. in Opp'n of Mot. for Summ. J., Dkt. No. 46, p. 8-9.)

Other co-workers called Plaintiff names including "bitch," "fucking bitch," "whore," "hoe," and "Filipino whore." One co-worker made a threatening gesture at Plaintiff with a knife from across the room, hit her with a broom, and elbowed her. When Plaintiff complained of these events, she claims Mr. Pickens either issued her a written reprimand or ignored her complaints. Co-workers would ask if Plaintiff thought Mr. Parker was sexy and make other comments in a sexual manner. (See Pl.'s Br. in Opp'n of Mot. for Summ. J., Dkt. No. 46, p. 9-11.)

Defendant proposes that the Court ignore these instances and grant summary judgment based on the written reprimands created by the very people Plaintiff is alleging ignored the acts of discrimination and harassment. The Court will not do so. The Court finds that Plaintiff has put forth sufficient admissible evidence that could convince the reasonable trier of fact to find in her favor. Therefore, Defendant's Motion for Summary Judgment must be denied as to Plaintiff's hostile work environment claim.

Retaliation

Secondly, Defendant argues that summary judgment should be granted because Plaintiff cannot show that her termination was an act of retaliation. Title VII makes it unlawful for an employer to "discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C § 2000e-2(1). Under the burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), the plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing that "'(1) the plaintiff belongs to some protected class, (2) the plaintiff was qualified for the position or benefit at issue, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff was treated less favorably than others.'" <u>Argo v. Blue Cross & Blue Shield of Kan., Inc.</u>, 452 F.3d 1193, 1201 (10th Cir. 2006) (<u>quoting</u> <u>Exum v. U.S. Olympic Comm.</u>, 389 F.3d 1130, 1134 (10th Cir. 2004)). After the prima facie case is met, the employer must "articulate a legitimate, nondiscriminatory reason for the discharge" and then the burden shifts again for "the plaintiff to show that the stated reason is pretextual." <u>Id.</u> Additionally, the Tenth Circuit has stated that "[f]or most plaintiffs, establishing a prima facie case is perfunctory, and liability turns on whether the defendant's stated explanation for the adverse employment action is pretextual." <u>Id.</u>

As discussed above, Plaintiff has established a prima facie case for discrimination. In reply, Defendant has also demonstrated a legitimate, nondiscriminatory reason for terminating the employment. On its face, the presence of three written reprimands within the allotted 12 months is a legitimate reason for firing Ms. Entrada. The stated reasons for the

reprimands have no reason to alert Mr. Tawil, the decisionmaker, that there were racial or sexual discrimination or harassment issues present. However, Plaintiff raises the cat's-paw argument that the reprimands were issued in response to her complaints of harassment in the workplace and the lower-level managers inspired the termination.

When a retaliation claim is based on the cat's-paw theory of recovery, the plaintiff must show "that there is a genuine issue of material fact as to (1) the retaliatory animus of the subordinate, and (2) whether the subordinate's animus translated into retaliatory actions that caused the decisionmaker to take adverse employment action." Thomas v. Berry Plastics Corp., 803 F.3d 510, 514-15 (10th Cir. 2015). The Court finds that there are questions of fact relating to the animus relating to at least two of the written reprimands, especially with regard to sexual harassment concealment. Therefore, summary judgment on Plaintiff's claim of retaliation is improper.

## CONCLUSION

As set forth herein, the undisputed facts demonstrate Defendant is not entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 32) is DENIED.

IT IS SO ORDERED this 1st day of November, 2016.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge