IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LORNA ENTRADA, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-15-322-C
)
MARRIOTT HOTEL SERVICES, INC. )
d/b/a NATIONAL CENTER FOR )
EMPLOYEE DEVELOPMENT )
CONFERENCE CENTER & HOTEL, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this case based on claims of sexual and racial discrimination in the workplace and retaliatory termination of employment under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Plaintiff filed a Motion to Quash Subpoenas (Dkt. No. 37), Defendant responded, and the Motion is now at issue.

Defendant issued subpoenas for deposition and subpoenas duces tecum to several of Plaintiff's employers, both prior and subsequent to her employment with Defendant. The parties have conducted a conference in good faith pursuant to Fed. R. Civ. P. 37(a)(1) and the remaining dispute for the Court to resolve is whether Defendant is entitled to seek the reasons for Plaintiff's termination from Plaintiff's subsequent employers.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the parties may obtain through discovery "any nonprivileged matter that is relevant to any party's claim or defense." The Court must consider the "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Defendant argues that the information regarding the circumstances of Plaintiff's subsequent terminations are relevant to Plaintiff's demand of back pay damages. When back pay is demanded, the employee has a duty to mitigate damages and "to use reasonable diligence in finding other suitable employment" following the questioned termination. Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982); see also Whatley v. Skaggs Cos., Inc., 707 F.2d 1129, 1138 (10th Cir. 1983). When the defendant employer claims the employee has failed to mitigate, the employer must satisfy a two-prong test: "(1) there were suitable positions which the claimant could have discovered and for which she was qualified, and (2) the claimant failed to use reasonable care and diligence in seeking such a position." Thomsen v. City of Anadarko, Okla., No. CIV-05-1196-F, 2006 WL 2773230, at *1 (W.D. Okla. Sept. 25, 2006) (citing EEOC v. Sandia Corp., 639 F.2d 600, 627 (10th Cir. 1980)).

Plaintiff's arguments regarding admissibility of the evidence at trial are misplaced. The information sought "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). After considering the claims and defenses, the Court finds that the requested information is relevant to determine whether Defendant is liable for back pay after Plaintiff was re-employed. The subpoenas will be limited in scope according to the negotiations made between the parties prior to the filing of the Motion in question, but information regarding the reasons for Plaintiff's subsequent employment terminations is discoverable.

2

## CONCLUSION

Accordingly, Plaintiff's Motion to Quash Subpoenas (Dkt. No. 37) is DENIED.

IT IS SO ORDERED this 7th day of November, 2016.

ROBIN J. CAUTHRON
United States District Judge