IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORNA ENTRADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-322-C |
| ) | |
| MARRIOTT HOTEL SERVICES, INC., ) | |
| d/b/a NATIONAL CENTER FOR ) | |
| EMPLOYEE DEVELOPMENT ) | |
| CONFERENCE CENTER & HOTEL, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed a Motion to Enforce Settlement Agreement (Dkt. No. 63). Defendant objects, arguing the Settlement Agreement contains material terms that are still in dispute. The Motion is now at issue.

Settlement agreements may be enforced by the Court. United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). A motion to enforce a settlement agreement is treated as a motion for summary judgment. Russell v. Bd. of Cnty. Comm'rs of Carter Cnty., 2000 OK CIV APP 21, ¶ 7, 1 P.3d 442, 445. If the terms of the settlement agreement are disputed, the Court should conduct an evidentiary hearing. Id.; Hardage, 982 F.2d at 1496-97 (stating the Tenth Circuit has not adopted the "ironclad rule" that the parties must be allowed an evidentiary hearing). Here, the Court has determined an evidentiary hearing would not provide meaningful evidence not already present in the briefs.

At issue are certain nonmonetary terms of the Settlement Agreement. On November 7, 2016, counsel for Defendant sent an offer including a list with the items:

- Full and complete release of all claims.
- An appropriate portion of the settlement will be attributed to wages. After the subtraction of attorney's fees, if applicable, Plaintiff's portion will be a 70/30 split with 70% of the portion going to the associate as W-2 wages.
- Confidentiality clause.
- No-rehire/no re-apply provision.
- Non-disparagement clause.
- Liquidated damages provision of 25% of the settlement amount.

(Dkt. No. 63-1). In response, Plaintiff's counsel accepted some terms and rejected others, inserting her counteroffers:

- Full and complete release of all claims.
*Agreeable.*
- An appropriate portion of the settlement will be attributed to wages. After the subtraction of attorney's fees, if applicable, Plaintiff's portion will be a 70/30 split with 70% of the portion going to the associate as W-2 wages.
*Agreeable.*
- Confidentiality clause.
*Mutual is fine.*
- No-rehire/no re-apply provision.
*I believe this will be fine but [I] do have to confirm.*
- Non-disparagement clause.
*Mutual is fine, and we would seek that a neutral reference for Ms. Entrada be given.*
- Liquidated damages provision of 25% of the settlement amount.
*To my understanding, set liquidated damages amounts are generally held invalid. However, some liquidated to be determined [clause] would be agreeable, again provided the terms are mutual.*

(Dkt. No. 63-2, pp. 1-2) (emphasis added). Four days later, the counselors engaged in oral negotiations. Defendant represents that Marriott never agreed to mutual confidentiality or mutual liquidated damages, but states the parties agreed Marriott would provide a neutral reference to prevent any future disparagement. To memorialize the conversation, Marriott's counsel sent an email on November 11, 2016:

- Full and complete release of all claims by Ms. Entrada.

2

- An appropriate portion of the settlement will be attributed to wages. After the subtraction of attorney's fees, if applicable, Plaintiff's portion will require a 70/30 split with 70% of the portion going to the associate as W-2 wages.
- Confidentiality clause.
- No-rehire/no re-apply provision.
- Non-disparagement clause by Ms. Entrada/Neutral reference by Marriott.
- Liquidated damages provision of 25% of the settlement amount.

(Dkt. No. 68-3, p. 2). Plaintiff argues the counselors never specifically discussed the mutuality of the confidentiality or liquidated damages terms because Defendant had accepted them.

Settlement agreements are subject to state law requirements regarding formation and enforceability. Oklahoma contract law requires that consent of the parties be (1) free, (2) mutual, and (3) communicated by each to the other. 15 Okla. Stat. § 51. "Consent is not mutual unless the parties all agree upon the same thing in the same sense." 15 Okla. Stat. § 66. Accordingly, the Oklahoma Supreme Court requires the acceptance be "'unconditional, identical to the offer, and does not modify, delete or introduce any new terms into the offer.'" In re De-Annexation of Certain Real Prop. from City of Seminole, 2009 OK 18, ¶ 9, 204 P.3d 87, 89 (citation omitted). Any modification of the terms of an offer is a counteroffer that rejects the previous offer. Id. (stating "'[a] qualified acceptance is a new proposal'") (citations omitted).

The Court finds a lack of agreement on the terms in question. Defendant proposed nonmonetary terms, Plaintiff made a counteroffer, and Defendant made another counteroffer using very similar language to its first offer, with changes reflecting the neutral reference negotiations. The parties then continued to negotiate terms as they exchanged drafts of the Settlement Agreement. Defendant voiced its lack of agreement on the confidentiality clause,

3

which had been drafted as a mutual term, stating "Marriott cannot agree to make the terms mutual. . . . Although you state in your comment to this paragraph that we discussed making the nondisclosure provisions mutual, this [is] true only with respect to the non disparagement provision." (Dkt. No. 63-6.)

Accordingly, there is no valid settlement agreement in place. Because the parties' previous trial date has passed, the Court will set the case for the next available trial docket. The docket call is February 8, 2017, at 9:30 a.m. The following documents are to be filed by Friday, February 3, 2017: trial briefs, motions in limine, and pretrial reports. Responses to motions are to be filed by **noon** on Tuesday, February 7, 2017, and the jury instructions and requested voir dire are to be filed by midnight on the same day.

## CONCLUSION

Accordingly, Plaintiff's Motion to Enforce Settlement Agreement (Dkt. No. 63) is DENIED. The case is set on the February trial docket.

IT IS SO ORDERED this 30th day of January, 2017.

ROBIN J. CAUTHRON
United States District Judge